IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00477 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE TORRES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Jorge Torres' ("Defendant") Motion to Dismiss for Lack of Jurisdiction, filed September 29, 2006 ("Motion"). The United States of America ("the Government") filed its memorandum in opposition to the Motion on October 16, 2006. Defendant filed his reply on October 30, 2006.[1]

This matter came on for hearing on November 7, 2006. Alexander Silvert, First Assistant Federal Defender, appeared on

---

[1] At the hearing, the Government relied in its oral argument on Bicycle Trails Council of Marin v. Babbitt, 82 F.3d 1445 (9th Cir. 1996). This case was not cited or otherwise referred to in its memorandum in opposition, nor was it produced to opposing counsel prior to the hearing, and thus it was clearly impermissible. See Local Rule LR7.8. As a result, this Court directed counsel to provide a copy of the case to opposing counsel at the hearing, and permitted Defendant to file a supplemental reply memorandum. Defendant filed his supplemental memorandum on November 7, 2006 and the Government filed a supplemental memorandum in opposition on November 9, 2006 ("11/9 Memorandum"). The Government's 11/9 Memorandum is hereby stricken for failure to obtain leave of court to file additional briefing. See Local Rules CrimLR12.3, LR7.4.

behalf of Defendant, whose presence at the hearing was waived. Appearing on behalf of the Government was Gabriel Colwell, Special Assistant United States Attorney.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, and for the reasons set forth below, the Motion is HEREBY GRANTED.

## BACKGROUND

This matter arises out of a traffic citation issued to Defendant for speeding in violation of Haw. Rev. Stat. § 291C-102.  Specifically, he was cited for driving forty miles per hour in a twenty-five-miles-per-hour zone on Aliamanu Military Reservation.  The parties agree that Aliamanu Military Reservation is a military installation located in the District of Hawai`i, and is an area over which the Government exercises concurrent jurisdiction.

Defendant argues that, under Hawai`i law, traffic infractions are civil in nature and therefore are not assimilated into federal criminal law under the Assimilative Crimes Act ("the Act") or any implementing regulation.  The federal court thus is without subject matter jurisdiction in this matter.  Defendant further submits that agency regulations cannot expand the limited regulatory authority delegated by 40 U.S.C. § 1315(c)(2) to confer federal court jurisdiction for offenses that cannot be assimilated under the Act.

While the Government concedes that traffic infractions are non-criminal offenses under Hawai`i state law, and that the Act cannot be used to prosecute these offenses in federal court, it argues that 40 U.S.C. § 1315 authorizes the creation of implementing regulations for the protection of military installations, such as Aliamanu Military Reservation, and that 32 C.F.R. §§ 210.3 and 634.25(f) are regulations that confer federal court jurisdiction over non-criminal traffic offenses under Hawai`i state law when they are committed on military installations.

### DISCUSSION

The Act permits state law to fill gaps in the criminal code for federal enclaves only "if no act of Congress makes such conduct punishable[.]" <u>United States v. Marcyes</u>, 557 F.2d 1361, 1365 (9th Cir. 1977) (citation omitted). The express language of the Act[2] provides for federal jurisdiction in order to prosecute violations of state law:

> Whoever within or upon any [federal enclave] . . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which [the federal enclave] is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a

---

[2] The Act specifically refers to 18 U.S.C. §7, the statute pertaining to the special maritime and territorial jurisdiction of the United States, which defines federal jurisdiction. <u>See</u> 18 U.S.C. § 13(a).

like punishment.

18 U.S.C. § 13(a).  However, "a state statute may not be assimilated into the Act when a state has determined that the statute sought to be assimilated is not criminal."  United States v. Carlson, 900 F.2d 1346, 1348 (9th Cir. 1990) (citations omitted).  In Carlson, the court concluded that a violation of Hawaii's speeding statute, Haw. Rev. Stat. § 291C-102, was not a crime, and thus the federal court lacked jurisdiction under the Act.  See id. at 1349.  In the present case, the Government concedes that it cannot prosecute a speeding citation under the Act but submits that federal courts have jurisdiction over these offenses because, "[p]ursuant to the authority granted by 40 U.S.C. § 1315, implementing regulations 32 C.F.R. §§ 210.3 and 634.25(f) provide federal jurisdiction over non-criminal traffic offenses . . . ."  [Mem. in Opp. at 2-3.]

I.      **Sufficiency of the Notice**

This Court need not reach the issue whether § 1315, § 210.3, and § 634.25(f) allow for the criminal prosecution of non-criminal state traffic violations in federal court because, even assuming *arguendo* that such authority exists, it was not properly invoked in this case.  The ticket issued to Defendant cites him with a violation of Haw. Rev. Stat. § 291C-102.  It does not refer to § 1315, § 210.3, or § 634.25(f).  This Court agrees with Defendant that this fact alone precludes the Government from

prosecuting Defendant's speeding violation as a federal offense. The Government argues that it was proper to refer to § 291C-102 on the ticket because this gave Defendant notice that he was being cited for a speeding violation.  The Government argues that, if the ticket referred to § 1315, § 210.3, or § 634.25(f), it would not have given Defendant notice of the offense he was changed with.  The Government argues that all that is required is that persons coming onto the military installation have notice that they are still subject to the requirements of the Hawai`i Revised Statutes.  The Government states that there are such signs posted in conspicuous places on the Aliamanu Reservation and thus Defendant had notice that he was still required to comply with state traffic laws.[3]  The Government contends that the ticket's citation to § 291C-102 was therefore sufficient notice.  This Court disagrees.

It is true that the signs gave Defendant notice that he was required to comply with state law on the reservation, and the reference to § 291C-102 on the ticket gave Defendant notice that he was being cited for a speeding violation.  However, under state law, a violation of § 291C-102 is not a criminal offense. Insofar as the citation did not refer to any provision of the

---

[3] The Government has not shown that the posted signs give persons on Aliamanu Reservation notice that, under federal law, they are subject to criminal penalties for the violation of state traffic laws which are not considered criminal under state law.

U.S.C. or the C.F.R., the citation failed to give Defendant notice that his violation of state law subjected him to criminal penalties under federal law, rather than the administrative penalties provided under state law.[4]  Cf. 18 U.S.C. § 13(a) ("shall be guilty of a like offense and subject to a like punishment" (emphasis added)).  In order to give Defendant notice of the criminal penalties available under federal law for the violation of § 291C-102, the citation should have referred to both § 291C-102 and, for example, § 634.25(f).  See, e.g., United States v. Imngren, 98 F.3d 811, 813 (4th Cir. 1996) (defendant charged with failing to drive in a single lane in violation of 32 C.F.R. § 634.25(f) and Va. Code Ann. § 46.2-804); United States v. Spencer, 422 F. Supp. 2d 589, 590 (E.D. Vir. 2005) (defendant charged with operating a motor vehicle without a valid license in violation of § 634.25(f) (adopting Va. Code Ann. § 46.2-300)).

---

[4] Section 634.32(d)(3) states that: "The assimilation of State traffic laws as Federal offenses should be identified by a specific State code reference in the CODE SECTION block of the DD Form 1805 . . . ."  32 C.F.R. § 634.32(d)(3).  This provision seems to support the Government's argument that the ticket's citation to Haw. Rev. Stat. § 291C-102 was sufficient.  Section 634.32(d)(3), however, refers to the "**assimilation** of State traffic laws" and therefore does not apply to non-criminal traffic offenses which cannot be assimilated.  If an offense cannot be assimilated, DODD 5525.4, enclosure 1 "adopts" the offense and makes it applicable to military installations.  See § 634.25(f).  Further, § 634.25(f) requires that the installation provide notice of the terms of paragraph (f) and DODD 5525.4, enclosure 1.  This Court therefore finds that § 634.32(d)(3) is inapplicable to the present case.

Due to the inadequate notice provided by the ticket issued to Defendant, this Court finds that the Government is limited to the procedures and penalties available under Hawai`i law for a violation of § 291C-102.  This Court lacks the jurisdiction to entertain such proceedings.

II.  **Authority to Prosecute**

For the sake of completeness, this Court will address whether federal courts have subject matter jurisdiction over violations of non-criminal state traffic laws which occur on military installations.  In support of its position that it has such authority, the Government points to dicta in United States v. Carlson:

> But, as the government itself recognizes in its brief, 32 C.F.R. § 634.4(c)(4) (1989) ensures that a state's traffic laws will be assimilated even if they are not crimes pursuant to state law.  The regulation provides that "[i]n those states where traffic law offenses cannot be assimilated on the installation under 18 U.S.C. § 13 because such traffic law violations are not criminal offenses, such state vehicular and pedestrian traffic laws are expressly adopted and made applicable to the military installation."  32 C.F.R. § 634.4(c)(4) (1989).  Thus, our conclusion that speeding violations pursuant to Haw.Rev.Stat. § 291C-102 are not assimilated will not necessarily have a disruptive effect on the enforcement of speeding laws in federal enclaves in Hawai`i.  In the future, violators may simply be charged pursuant to section 634.4(c)(4) rather than under the Act.

900 F.2d at 1349.  While the Carlson court pointed out that speeding violations could be charged in the future pursuant to

7

§ 634.4(c)(4), there is no clear indication that these charges could be prosecuted in federal court. Further, the ticket issued to Defendant did not refer to § 634.4(c)(4).

Defendant argues that federal jurisdiction does not exist because 40 U.S.C. § 1315 is an unconstitutional delegation of law-making authority by Congress.[5] Section 1315 provides, *inter alia*, that "the Secretary of Homeland Security (in this section referred to as the 'Secretary') shall protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government (including any agency, instrumentality, or wholly owned or mixed-ownership corporation thereof) and the persons on the property." § 1315(a). This federal legislation confers upon the Secretary the power to "prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property." § 1315(c)(1).

Here, the parties agree that the citation was issued on a domestic military installation, in an area over which the Government has concurrent jurisdiction. Congress thus has the

---

[5] In oral argument, Defendant raised an additional point in support of his argument that the regulations violate the non-delegation doctrine. Defendant argued that 32 C.F.R. § 634.25(a) gives installation commanders unfettered discretion to create their own traffic and pedestrian code. The Court declines to rule on this matter as the case at hand involves prosecution of an alleged violation of a state traffic law pursuant to 32 C.F.R. § 634.25(f) and not a traffic violation created by the installation commander pursuant to § 634.25(a).

8

power to legislate laws concerning Aliamanu Military Reservation pursuant to Article I, Section 8, Clause 17 of the United States Constitution ("the Enclave Clause").[6]  Congress may permissibly delegate its authority as long as it "'shall lay down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform[.]'" United States v. One Sentinel Arms Striker-12 Shotgun Serial No. 001725, 416 F.3d 977, 980 (9th Cir. 2005) (quoting Mistretta v. United States, 488 U.S. 361, 372 (1989)). Congress delegated its rule-making authority for government property to the Administrator of the General Services. See 40 U.S.C. § 318 (1948).  Subsequently, in 1981, the Administrator of General Services delegated its authority under § 318, the predecessor statute of § 1315, to the Secretary of Defense pursuant to Department of Defense Directive 5525.4.  The Secretary of Defense issued regulations known as 32 C.F.R. §§ 210

---

[6] Under the Enclave Clause, Congress has the power to:

> exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards and other needful Buildings[.]

U.S. Const., art. I, § 8, cl. 17.

and 634.25(f) pertaining to prosecution of state traffic laws on military installations.

Sections §§ 210 and 634.25(f) have survived challenges similar to the ones Defendant raises here. Other courts have concluded that the regulations are not an unconstitutional delegation of Congress' rule-making authority. See United States v. Morgan, 46 Fed. Appx. 515 (9th Cir. 2002) ("The district court properly affirmed Morgan's conviction and fine because 32 C.F.R. § 210.3, when coupled with 32 C.F.R. § 634.25, is an appropriate exercise of Congress' delegation of rulemaking authority as granted by 40 U.S.C. § 318." (citing Bicycle Trails Council of Marin v. Babbitt, 82 F.3d 1445, 1451 (9th Cir. 1996))); United States v. Cassiagnol, 420 F.2d 868, 877 (4th Cir. 1970) (determining that § 318 is "a constitutional delegation of administrative authority to the Administrator of GSA to promulgate 'needful rules and regulations' pertaining to government property under the charge and control of GSA."); United States v. Boyer, 935 F. Supp. 1138, 1141 (D. Colo. 1996) ("This Court has been provided no authority by Defendant that adoption of state non-criminal offenses by regulation is improper. This Court is aware of no such authority and finds that 32 C.F.R. § 210.3, when coupled with 32 C.F.R. § 634.25, is an appropriate exercise of authority as granted by 40 U.S.C. § 318a." (citation omitted)).

The precise issue Defendant raises here, however, whether the federal courts have subject matter jurisdiction over violations of State traffic laws which are not assimilated by the Act, does not seem to have been specifically addressed by the other courts. A close reading of the regulations is necessary. See Bicycle Trails, 82 F.3d at 1452 (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)). The regulations at issue, 32 C.F.R. §§ 210.2 and 634.25, in pertinent part, provide as follows:

> § 210.2 Applicability and scope.
>
> (a) The provisions of this part apply to the Office of the Secretary of Defense, the Military Departments, the Organization of the Joint Chiefs of Staff, the Unified and Specified Commands, and the Defense Agencies.
>
> (b) **The provisions encompass all persons who operate or control a motor vehicle or otherwise use the streets of a military installation over which the United States exercises exclusive or concurrent legislative jurisdiction.**
>
> (c) **The provisions govern only vehicular and traffic offenses or infractions that cannot be assimilated under 18 U.S.C. 13,** thereby precluding application of state laws to traffic offenses committed on military installations.

32 C.F.R. § 210.2 (emphases added).

> (e) In States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. 13 to military installations having concurrent or exclusive Federal jurisdiction.
>
> (f) **In those States where violations of**

11

> **traffic law are not considered criminal offenses and cannot be assimilated under 18 U.S.C., DODD 5525.4, enclosure 1 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military installations having concurrent or exclusive Federal jurisdiction.**  It also delegates authority to installation commanders to establish additional vehicular and pedestrian traffic rules and regulations for their installations.  **Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by the local magistrate or imprisonment for not more than 30 days, or both, for each violation.**  In those States where traffic laws cannot be assimilated, an extract copy of this paragraph (f) and a copy of the delegation memorandum in DODD 5525.4, enclosure 1, will be posted in a prominent place accessible to persons assigned, living, or working on the installation.
>
> (g) **In those States where violations of traffic laws cannot be assimilated because the Federal Government's jurisdictional authority on the installation or parts of the installation is only proprietary, neither 18 U.S.C. 13 nor the delegation memorandum in DoDD 5525.4, enclosure 1, will permit enforcement of the State's traffic laws in Federal courts.**  Law enforcement authorities on those military installations must rely on either administrative sanctions related to the installation driving privilege or enforcement of traffic laws by State law enforcement authorities.

32 C.F.R. § 634.25 (e)-(g); (emphases added).  Thus, it appears that the agency in this matter, the Department of Defense, has decided to administer 40 U.S.C. § 1315, as to the prosecution of traffic offenses as follows: first, if the violation is a crime and assimilated by the Act, then it will be prosecuted in federal

court; second, if the violation is not assimilated by the Act, then State vehicular and traffic laws are adopted and violations of such laws are subject to a fine by "a local magistrate" and imprisonment up to thirty days; and third, if the State traffic laws cannot be assimilated because the Government's jurisdiction on the military installation is only proprietary, then the violation cannot be prosecuted in federal court.

This Court must first determine whether the Department of Defense's regulations in this matter are permissible interpretations of § 1315.  The United States Supreme Court has established a two-step process for such determinations.

> First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation.  Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).

The statute at issue here, 40 U.S.C. § 1315, designates the Secretary of Homeland Security as having: the responsibility for protecting property owned, occupied, or secured by the

Federal Government and persons on the property; and the power to prescribe regulations necessary for the protection and administration of such property.  See § 1315(a), (c)(1).  In addition, this statute specifically precludes any statutory construction that would limit the authority of Federal law enforcement:

> (g) **Limitation on statutory construction.** –
> Nothing in this section shall be construed to –
>
>   (1) preclude or limit the authority of any Federal law enforcement agency; or
>
>   (2)  restrict the authority of the Administrator of General Services to promulgate regulations affecting property under the Administrator's custody and control.

40 U.S.C. § 1315(g).  The plain language of the statute indicates Congress' intent to delegate its law-making power to the Secretary in order to prescribe regulations necessary to protect or administer Federal property.  The reference to "buildings, grounds, and property that are owned, occupied, or secured by the Federal Government" necessarily implicates the special maritime and territorial jurisdiction of the United States.  See § 1315(a).  In pertinent part, 18 U.S.C. § 7, provides for federal court jurisdiction over:

> Any lands reserved or acquired for the use of the
> United States, and under the exclusive or
> concurrent jurisdiction thereof, or any place
> purchased or otherwise acquired by the United
> States by consent of the legislature of the State
> in which the same shall be, for the erection of a
> fort, magazine, arsenal, dockyard, or other

needful building.

18 U.S.C. § 7(3).  This Court must give effect to Congress' express intent to have the regulations promulgated for the protection of property and persons on military installation prosecuted in federal court.  This Court finds that the regulations at issue are a permissible interpretation of § 1315 and that the regulatory scheme is not an improper delegation of Congress' authority.

The Court now turns to the issue whether the regulatory scheme allows for federal jurisdiction over non-criminal state traffic violations which occur on military installations.  In the instance where the violation is not assimilated by the Act (as here), § 634.25(f) appears to exclude prosecution in federal court as it directs that these violations are subject to fine by "a local magistrate".  No such Federal judicial officer exists.

Title 28 of the U.S.C., section 631, provides for the appointment and tenure of United States magistrate judges.  While the position was formerly referred to as United States magistrate, the Judicial Improvements Act of 1990 provided that:

> After the enactment of this Act, each United States magistrate appointed under section 631 of title 28, Unites States Code, shall be known as a United States magistrate judge, and any reference to any United States magistrate or magistrate that is contained in title 28, United States Code, in any other Federal statute, or in any regulation of any department or agency of the United States in the executive branch that was issued before the enactment of this Act, shall be deemed to refer to

>            a United States magistrate judge appointed under
>            title 28, United States Code.

Pub. L. 101-650, § 321, 104 Stat. 5089, 5117 (1990). While any reference to "United States magistrate or magistrate" contained in a regulation issued prior to December 1, 1990 is deemed to refer to a United States magistrate judge, 32 C.F.R. pt. 634 was substantially revised in 2005. <u>See</u> 70 Fed. Reg. 18,969-89 (Apr. 12, 2005). If the Department of Defense wanted to have United States magistrate judges preside over § 634.25(f) proceedings, it could have stated that fines would be imposed by a "United States magistrate judge", or at least to the incorrect term, "U.S. Magistrate".

Several other sections within Part 634 expressly refer to a "U.S. Magistrate". <u>See</u>, <u>e.g.</u>, 32 C.F.R. § 634.32(a) ("[m]ost traffic violations occurring on DOD installations (within the UNITED STATES or its territories) should be referred to the proper U.S. Magistrate (sic)."); § 634.39(b) (regarding the use of blood, alcohol, or urine tests to "support actions" before "the U.S. Magistrate Court"); § 634.45(c) ("Points will be assessed when the person is found to have committed a violation and the finding is by either the unit commander, civilian supervisor, a military or civilian court (including a U.S. Magistrate) . . . ."); § 634.46(c) ("On receipt of the report of action taken (including action by a U.S. Magistrate Court on DD Form 1805) . . . ."). Further, § 634.38 refers to a "military

16

magistrate". See, e.g., 32 U.S.C. § 634.38(b)(1)(i).  Thus, it appears that the Department of Defense deliberately chose to have a "local magistrate", rather than a United States magistrate judge, preside over § 634.25(f) proceedings.  In fact, the Department of Defense expressly added the "local magistrate" language when it amended § 634.25(f) in 2005.  See 32 U.S.C. § 634.25(f) (2004) ("Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine of not more than $50.00 or imprisonment for not more than 30 days, or both, for each violation (40 U.S.C. 318c).").  The Department of Defense added the "local magistrate" language despite the fact that other existing sections of Part 634 referred to a "U.S. Magistrate".  See, e.g., 32 U.S.C. § 634.32(a) (2004).

This Court therefore finds that, the term "local magistrate" in § 634.25(f) is distinct from other references to a "U.S. Magistrate" and does not refer to a United States magistrate judge.[7]  Thus, even if Defendant had been properly

---

[7] The Court acknowledges that § 634.32(d) states, in pertinent part, that "DD Form 1805 will be used to refer violations of State traffic laws made applicable to the installation (Assimilative Crimes Act (18 U.S.C. 13) and the delegation memorandum in DoDD 5525.4, enclosure 1, and other violations of Federal law) to the U.S. Magistrate." 32 C.F.R. § 634.32(d).  This provision seems to imply that non-criminal state traffic violations that are made applicable on military
(continued...)

cited, the Court would not have jurisdiction over the instant matter because it is not "a local magistrate".

## **CONCLUSION**

In accordance with the foregoing, Defendant Jorge Torres' Motion to Dismiss for Lack of Jurisdiction, filed September 29, 2006, is hereby GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 27, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. JORGE TORRES; CR. NO. 06-00477 LEK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

[7](...continued)
installations should be prosecuted before a United States magistrate judge.  This Court, however, finds that § 634.25(f), which specifically addresses the prosecution of such violations, takes precedence over § 634.32(d), which is a general statute concerning the form used for traffic violations.  See Freeman v. Gonzales, 444 F.3d 1031, 1035 n.8 (9th Cir. 2006) (citing NLRB v. A-Plus Roofing, Inc., 39 F.3d 1410, 1415 (9th Cir. 1994) ("It is a well-settled canon of statutory interpretation that specific provisions prevail over general provisions.")).