IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

UNITED STATES OF AMERICA,    )    CR. NO. 06–00477 SOM–LEK
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
JORGE TORRES,                )
                             )
          Defendant.         )
_____)

## ORDER GRANTING THE GOVERNMENT'S MOTION FOR LEAVE OF COURT TO FILE A "MOTION TO ENLARGE THE RECORD AND TO RECONSIDER THE COURT'S OPINION OF DECEMBER 27, 2006"

Before the Court is the United States of America's ("the Government") Motion for Leave of Court to File a "Motion to Enlarge the Record and to Reconsider the Court's Opinion of December 27, 2006" ("Motion for Leave"), filed February 27, 2007. Defendant Jorge Torres ("Defendant") filed his memorandum in opposition to the Motion for Leave on April 12, 2007. The Court, in its discretion, finds this matter suitable for disposition without a hearing. After careful consideration of the Motion for Leave, opposing memorandum, and the relevant legal authority, the Government's Motion for Leave is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Defendant was cited for driving forty miles per hour in a twenty-five-miles-per-hour zone on Aliamanu Military Reservation ("Aliamanu"). The citation charged him with a

violation of Haw. Rev. Stat. § 291C-102.  On December 27, 2006, this Court granted Defendant's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"), filed September 29, 2006.

Traffic infractions are non-criminal offenses under Hawai`i state law, and the Assimilative Crimes Act ("the Act") cannot be used to prosecute these offenses in federal court.  The Government, however, argued that 40 U.S.C. § 1315 authorizes the creation of implementing regulations for the protection of military installations, such as Aliamanu, and that 32 C.F.R. §§ 210.3 and 634.25(f) confer federal court jurisdiction over non-criminal traffic offenses under Hawai`i state law when they are committed on military installations.

In the order granting the Motion to Dismiss ("Order"), this Court ruled it unnecessary to address that issue because the district court lacked jurisdiction over the case because the citation did not give Defendant notice that his violation of a state traffic law was subject to prosecution as a criminal offense under federal law.  The citation merely referred to Haw. Rev. Stat. § 291C-102; it did not refer to § 1315, § 210.3, or § 634.25(f).  The Government argued that there were conspicuous signs in Aliamanu warning persons coming on to the installation that they were still subject to Hawai`i traffic laws.  The Government argued that the signs, coupled with the citation, gave Defendant sufficient notice of his offense.  This Court

2

disagreed, ruling that, although Defendant had notice that he violated a state traffic law, he did not have notice that the violation could be punished as a federal criminal offense.

For the sake of completeness, the Order also addressed the issue whether the Court had subject matter jurisdiction over a violation of a non-criminal state traffic law which occurred on a military installation.  This Court concluded that the regulations regarding the adoption of state traffic laws are permissible interpretations of § 1315 and that the regulatory scheme is not an improper delegation of Congress' authority. This Court, however, ruled that, where a violation is not assimilated by the Act, § 634.25(f) excludes prosecution in federal court because it states that these violations are subject to fine by a "local magistrate"[1] and no such federal judicial officer exists.  Thus, even if Defendant had been properly cited, the Court would not have jurisdiction over the instant matter because the Court it is not a "local magistrate".

On January 9, 2007, the Government filed a motion for an extension of time to appeal the Order to the district judge. On January 12, 2007, this Court granted the Government's motion

_____

[1] "Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by the local magistrate or imprisonment for not more than 30 days, or both, for each violation."  32 C.F.R. § 634.25(f) (emphasis added).

and ordered the Government to file any appeal by January 23, 2007.  The Government filed its Notice of Appeal on January 12, 2007, citing Federal Rule of Criminal Procedure 58(g)(2) and Federal Rule of Appellate Procedure 4(b).  On February 27, 2007, however, the Government filed the instant Motion for Leave, as well as a motion to dismiss the pending appeal without prejudice for the same reasons articulated in the Motion for Leave.  On February 28, 2007, the district judge dismissed the appeal without prejudice for the reasons in the Government's motion to dismiss the appeal.

In the instant Motion for Leave, the Government seeks leave to supplement the record because, while reviewing a memorandum in support of the appeal, counsel "learned that Special Assistant U.S. Attorney Gabe Colwell may have inadvertently misled the Court regarding the sign posted at Aliamanu . . . ."  [Motion for Leave at 2.]  The Government also seeks the opportunity to file a motion for reconsideration of the Order, arguing that the Order was wrongly decided.  The Government cites the following two grounds for dismissal, which were never briefed by the parties: "(1) whether the ticket in question provided sufficient notice to the defendant; and (2) whether a U.S. magistrate judge is a 'local magistrate' within the meaning of the relevant regulation."  [Id. (footnote omitted).]  The Government, however, acknowledges that the

4

parties discussed the notice issue at the hearing on the Motion to Dismiss.  [<u>Id.</u> at 2 n.1.]

In his memorandum in opposition, Defendant argues that the Court should deny the Motion for Leave because the Government did not file a motion for reconsideration within thirty days of the Order.  [Mem. in Opp. at 2 (citing <u>United States v. Belgarde</u>, 300 F.3d 1177, 1180 (9th Cir. 2002)) (some citations omitted).] He argues that this Court no longer has jurisdiction to reconsider the Order because judgment became final when the Government filed its notice of appeal on January 12, 2007.  [<u>Id.</u> at 3.]  Even if the untimeliness of the Motion for Leave does not bar reconsideration, Defendant contends that the Government failed to establish any of the grounds for reconsideration set out in Federal Rule of Civil Procedure 60(b).  He notes that Local Rule 60.1 does not apply because the Order is not an interlocutory order, but he also argues that the Government failed to meet any of the requirements established therein.  [<u>Id.</u> at 4-5 & n.2.]  Defendant asserts that counsel's misrepresentation about the signs posted at Aliamanu does not constitute newly discovered evidence and that the Government merely seeks to reargue the Motion to Dismiss.  [<u>Id.</u> at 6.]

Finally, Defendant argues that "once this Court's order of dismissal became a final judgment, the Court's jurisdiction terminated and jeopardy attached to bar any 'reopening' or

further prosecution of this case[.]"  [Id. at 7.]  He argues that

allowing the Government to dismiss its appeal and relitigate a

case that has already been dismissed would violate the Double

Jeopardy Clause.  [Id.]

## DISCUSSION

### I.   Jurisdiction & Double Jeopardy

As a threshold matter, this Court must address

Defendant's argument that this Court does not have jurisdiction

to conduct further proceedings with regard to the Order.  First,

the Court notes that no judgment was ever issued pursuant to the

Order.  The Government appealed the Order pursuant to Rule

58(g)(2), which provides, in pertinent part:

> (A) Interlocutory Appeal.  Either party may
> appeal an order of a magistrate judge to a
> district judge within 10 days of its entry if a
> district judge's order could similarly be
> appealed.  The party appealing must file a notice
> with the clerk specifying the order being appealed
> and must serve a copy on the adverse party.
> (B) Appeal from a Conviction or Sentence.  A
> defendant may appeal a magistrate judge's judgment
> of conviction or sentence to a district judge
> within 10 days of its entry.  To appeal, the
> defendant must file a notice with the clerk
> specifying the judgment being appealed and must
> serve a copy on an attorney for the government.

Fed. R. Crim. P. 58(g)(2)(A)-(B).  Defendant argues that the

Government's filing of its Notice of Appeal divested this Court

of its jurisdiction to enlarge the record or reconsider the

Order.  The district court, however, dismissed the Government's

appeal specifically to allow the Government to file the instant

6

Motion for Leave before this Court.  This Court therefore has jurisdiction to consider the Motion for Leave.  Cf. United States v. Smith, 29 F.3d 270, 272 (7th Cir. 1994).[2]

Defendant also argues that to allow the Government to reopen the record and reargue the Motion to Dismiss would violate the Double Jeopardy Clause.  The United States Supreme Court has consistently held that jeopardy attaches when "the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge." United States v. Jorn, 400 U.S. 470, 479 (1971) (citations omitted).  Before this Court granted Defendant's Motion to Dismiss, he was scheduled for a bench trial before a Magistrate Judge on January 9, 2007.  In a bench trial, jeopardy attaches when the first witness is sworn.  See Crist v. Bretz, 437 U.S. 28, 37 n.15 (1978).  The United States Supreme Court has ruled that, where the defendant has not waived his right to a jury trial, jeopardy does not attach when the court grants a pretrial motion to dismiss.  See Serfass v. United States, 420 U.S. 377, 389 (1975).  In Serfass, the Supreme Court stated:

_____

[2] Smith consented to a trial before a magistrate judge and was convicted by a jury.  The magistrate judge sentenced her and she appealed directly to the Seventh Circuit Court of Appeals. The Seventh Circuit dismissed her appeal for lack of jurisdiction because she did not appeal the magistrate judge's ruling to the district court pursuant to 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2).  The district court thereafter affirmed Smith's conviction.  See Smith, 29 F.3d at 272.

> Under our cases jeopardy had not yet attached when
> the District Court granted petitioner's motion to
> dismiss the indictment.  Petitioner was not then,
> nor has he ever been, "put to trial before the
> trier of facts."  The proceedings were initiated
> by his motion to dismiss the indictment.
> Petitioner had not waived his right to a jury
> trial, and, of course, a jury trial could not be
> waived by him without the consent of the
> Government and of the court.  In such
> circumstances, the District Court was without
> power to make any determination regarding
> petitioner's guilt or innocence. . . .  At no time
> during or following the hearing on petitioner's
> motion to dismiss the indictment did the District
> Court have jurisdiction to do more than grant or
> deny that motion, and neither before nor after the
> ruling did jeopardy attach.

Id. (citations omitted).  Although Defendant was scheduled for a

bench trial in the present case, when this Court considered the

Motion to Dismiss, it was not making a determination regarding

Defendant's guilt or innocence.  Thus, at the time this Court

granted Defendant's Motion to Dismiss, he had not been "put to

trial before the trier of facts" and jeopardy did not attach.

Allowing the Government to supplement the record and file a

motion for reconsideration of the Order would not violate the

Double Jeopardy Clause.

## II.  **Reconsideration**

The district court has identified three bases for

reconsideration of interlocutory orders:

> (a) Discovery of new material facts not
> previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

Local Rule LR60.1.  Motions for reconsideration based on a
manifest error of law or fact must be brought within ten days of
the filing of the court's order.  See id.  Local Rule 60.1 also
applies to motions for reconsideration in criminal cases.  See
United States v. Shi, 396 F. Supp. 2d 1132, 1137 (D. Hawai`i
2003) (citing Local Rule CrimLR12.3 (stating that "[t]he local
rules pertaining to civil motions are applicable to motions in
criminal cases")).

        Defendant argues that Local Rule 60.1 does not apply
because the Order is not an interlocutory order.  Rule 58(g)(2)
identifies two types of appeals that may be taken from a
magistrate judge's order or judgment: appeals from interlocutory
orders and appeals from a conviction or sentence.  See Fed. R.
Civ. P. 58(g)(2)(A)-(B).  The Order clearly was not a judgment of
conviction or sentence.  Pursuant to Rule 58(g)(2)(A), the
Government could appeal the Order as an interlocutory order if it
could have appealed the Order to the Ninth Circuit Court of
Appeals if a district judge had issued it.  The limited
circumstances in which the government can appeal a district
court's decision in a criminal case are outlined in 18 U.S.C.
§ 3731.  That section provides, in pertinent part, "[i]n a
criminal case an appeal by the United States shall lie to a court
of appeals from a decision, judgment, or order of a district
court dismissing an indictment or information or granting a new

9

trial after verdict or judgment, as to any one or more counts, or any part thereof[.]" 18 U.S.C. § 3731.  Insofar as this Court's Order dismissed the citation issued to Defendant, the Government could have appealed the Order to the Ninth Circuit if a district judge had issued the Order.  The Order is therefore considered an interlocutory order pursuant to Rule 58(g)(2)(A).  Cf. United States v. Hazelton, 279 F. Supp. 2d 710, 715 (E.D. Va. 2003) ("once a magistrate judge dismisses the proceedings upon a defendant's successful completion of the term of probation, such an order of dismissal would be appealable pursuant to Rule 58(g)(2)(A) and 18 U.S.C. § 3731").  In order to obtain reconsideration of an interlocutory order, the Government must establish one of the grounds articulated in Local Rule 60.1.

The Government seeks leave to enlarge the record because it discovered that counsel may have inadvertently misled the Court about the signs posted at Aliamanu.  The evidence that the Government seeks to add to the record cannot be considered "new material facts" because the evidence was apparently available at the time the parties litigated the Motion to Dismiss, but counsel did not present it accurately.  See Shi, 396 F. Supp. 2d at 1137 ("Defendant cannot present arguments or evidence in a motion for reconsideration that could reasonably have been raised earlier in the litigation." (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th

Cir. 2000))).

The Government also alleges that this Court's rulings regarding the sufficiency of the notice and whether a United States magistrate judge is a "local magistrate" were wrongly decided. The Government does not allege that there has been an intervening change in the law as to these issues and thus the Government's arguments must be alleging manifest errors of law.

The Government could have, and should have, brought the legal arguments within ten days of the filing of this Court's order. <u>See</u> Local Rule LR60.1. Insofar as the Government failed to do so, the Motion for Leave fails to allege a basis for a motion for reconsideration. The Court, however, is cognizant of the fact that the issues presented by this case are recurring in nature and will arise every time someone is cited for a similar traffic violation on a Hawai`i military installation. Thus, it is in the best interests of all concerned to resolve these matters as expeditiously as possible. This Court will therefore GRANT the Motion for Leave in the interests of judicial economy, but shall limit the government to its allegations of manifest errors of law. The Motion for Leave is DENIED in all other respects.

## **CONCLUSION**

On the basis of the foregoing, the Government's Motion for Leave of Court to File a "Motion to Enlarge the Record and to

11

Reconsider the Court's Opinion of December 27, 2006", filed February 27, 2007, is HEREBY GRANTED IN PART and DENIED IN PART. The Government shall file its Motion to Enlarge the Record and to Reconsider the Court's Opinion of December 27, 2006 by no later than May 22, 2007 and consistent with this Order.  Defendant shall file his memorandum in opposition by no later than June 12, 2007.  The Court will thereafter decide the motion without a hearing.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAI`I, April 30, 2007.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

**U.S.A. V. JORGE TORRES; CR. NO. 06-00477 SOM-LEK; ORDER GRANTING THE GOVERNMENT'S MOTION FOR LEAVE OF COURT TO FILE A "MOTION TO ENLARGE THE RECORD AND TO RECONSIDER THE COURT'S OPINION OF DECEMBER 27, 2006**