IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00477 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE TORRES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO RECONSIDER THE COURT'S ORDER OF DECEMBER 27, 2006**

      Before the Court is United States of America's (the "Government") Motion to Reconsider the Court's Order of December 27, 2006 ("Motion"), filed May 22, 2007.  Defendant Jorge Torres ("Defendant") filed his memorandum in opposition on May 29, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, the Government's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

      The parties and the Court are familiar with the factual and procedural history of this case.  As such, the Court will only discuss the events that are relevant to the instant Motion.

On December 27, 2006, this Court entered an Order Granting Defendant's Motion to Dismiss ("December 27 Order"). In the December 27 Order, this Court ruled that the district court lacked jurisdiction over the case because the citation issued to Defendant for speeding did not give him notice that his violation of a state traffic law was subject to prosecution as a criminal offense under federal law. The citation merely referred to Hawai'i Revised Statutes § 291C-102; it did not refer to 40 U.S.C. § 1315, 32 C.F.R. § 210.3, or 32 C.F.R. § 634.25(f). The Government argued that there were conspicuous signs in Aliamanu warning persons coming on to the installation that they were still subject to Hawai'i traffic laws. The Government argued that the signs, coupled with the citation, gave Defendant sufficient notice of his offense. This Court disagreed, ruling that, although Defendant had notice that he violated a state traffic law, he did not have notice that the violation could be punished as a federal criminal offense.

For the sake of completeness, the December 27 Order also addressed the issue of whether the Court had subject matter jurisdiction over a violation of a non-criminal state traffic law which occurred on a military installation. This Court concluded that the regulations regarding the adoption of state traffic laws are permissible interpretations of § 1315 and that the regulatory scheme is not an improper delegation of Congress' authority.

This Court, however, ruled that, where a violation is not assimilated by the Assimilative Crimes Act ("ACA"), 32 C.F.R. § 634.25(f) excludes prosecution in federal court because it states that these violations are subject to fine by a "local magistrate"[1] and no such federal judicial officer exists.  Thus, even if Defendant had been properly cited, the Court would not have jurisdiction over the instant matter because the Court it is not a "local magistrate".

On January 9, 2007, the Government filed a motion for an extension of time to appeal the Order to the district judge. On January 12, 2007, this Court granted the Government's motion and ordered the Government to file any appeal by January 23, 2007.  The Government filed its Notice of Appeal on January 12, 2007, citing Federal Rule of Criminal Procedure 58(g)(2) and Federal Rule of Appellate Procedure 4(b).  On February 27, 2007, however, the Government filed a motion for leave of court to file a motion to enlarge the record and to reconsider the Court's opinion of December 27, 2006 ("motion for leave") as well as a motion to dismiss the pending appeal without prejudice for the same reasons articulated in the motion for leave.  On

---

[1] "Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by <u>the local magistrate</u> or imprisonment for not more than 30 days, or both, for each violation."  32 C.F.R. § 634.25(f) (emphasis added).

February 28, 2007, the district judge dismissed the appeal without prejudice for the reasons in the Government's motion to dismiss the appeal.

On April 30, 2007, the Court granted in part and denied in part the motion for leave ("April 30 Order"), permitting the Government to file, by May 22, 2007, a motion to reconsider the Court's December 27 Order.  Construing the Government's disputes with the December 26 Order as allegations of manifest error of law under Local Rule 60.1(c), this Court determined that the Government did not allege a basis for reconsideration given the untimeliness of the motion, which should have been filed within ten business days of the filing of the December 27 Order. Despite its finding, however, the Court granted the Government leave to request reconsideration of the December 26 Order because the issues presented in this case are of a recurring nature.  The Court limited the Government to its allegations of manifest error of law.

The Government timely filed the instant Motion, requesting that the Court reconsider two decisions in the December 27 Order that the parties had not briefed: 1) the determination that the ticket issued to Defendant, which cited only the relevant Hawai'i statutory section and not the applicable federal statutory and regulatory sections, did not put him on notice of possible criminal charges and 2) the

4

determination that the Court lacked jurisdiction to preside over the trial because the applicable regulation's reference to "local magistrate," as opposed to "United States magistrate judge," did not apply.

With respect to the notice issue, the Government maintains that the posting of a warning at the entrance of a military base satisfies the notice requirement set forth in 40 U.S.C. § 1315(c)(1) and 32 C.F.R. § 634.25(f). It is the Government's position that the Court manifestly erred by creating the additional notice requirement that the foregoing provisions be cited on tickets issued to motorists.

Even assuming, arguendo, that the Court was correct in its ruling, the Government asserts that the dismissal conflicts with Federal Rule of Criminal Procedure 7(c)(3),[2] which provides that a citation's omission is not a ground to dismiss unless the defendant was misled and thereby prejudiced. The Government emphasizes that Defendant was not prejudiced by the omission of § 1315 and § 634.25(f) in the citation.

The Government also takes issue with the Court's determination that the reference in § 634.25(f) to a "local magistrate" (versus "United States magistrate judge") divests the Court of jurisdiction. The Government alleges manifest error on

---

[2] The Government concedes that Rule 7(c)(3) applies only to indictments and informations, but contends that under Rule 58(a)(1), Rule 7 applies to petty offenses and misdemeanors.

three grounds: 1) the ruling is contrary to common sense, the regulatory purpose, and the practical consequences of the suggested interpretations, and would have a dire impact on the enforcement of Hawai'i traffic laws on military installations; 2) while "local magistrate" is technically incorrect, it should have no substantive effect on the regulations; and 3) a "local magistrate" is not a "military magistrate."

Defendant opposes the Motion.  On the notice issue, Defendant emphasizes that the citation, as the charging document, failed to 1) provide Defendant with notice that he had committed a federal offense and 2) invoke this Court's criminal jurisdiction.  Defendant proffers that it is not the notice required by the applicable statute and regulation that is at issue, but rather the notice afforded criminal defendants by the U.S. Constitution.  Defendant concedes that under Rules 7(c)(3) and 58, dismissal based on an omitted statutory citation is only appropriate if the defendant is prejudiced.  He maintains, however, that because the citations failed to reference the applicable federal authority on the citation, the Court's criminal jurisdiction was not invoked.  Moreover, this omission prejudices him.

With respect to the "local magistrate" issue, Defendant concurs with this Court's ruling and points out that the Government fails to provide a reason why the drafters of the Code

of Federal Regulations ignored Congress' directive to use, after 1990, "United States magistrate judge," when the same was intended.  Contrary to the Government's assertion that the use of "local magistrate" is the result of poor draftsmanship, Defendant emphasizes that regulations must go through a lengthy review process before they are adopted in final form.  Finally, Defendant proffers that the most reasonable construction of "local magistrate" is a magistrate of the municipality, state, or county.

## DISCUSSION

There are three grounds for reconsideration of interlocutory orders:

> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

Local Rule 60.1.  The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision.  Jacob v. U.S., 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.

White v. Sabatino, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).

Ordinarily, motions for reconsideration under Local Rule 60.1(c) "must be filed not more than ten (10) business days after the court's written order is filed." Local Rule 60.1 (emphasis added). Given that this Court granted the Government leave to file the instant Motion in its April 30 Order, however, the Government is exempt from this requirement and its Motion is deemed timely filed.

I.  **Notice Issue**

The Government primarily disputes this Court's ruling on the notice issue based on its position that the notice requirement contained in both 40 U.S.C. § 1315 and 32 C.F.R. § 634 is satisfied by the posting of a warning sign at the entrance of the military bases. The Government charges that the Court created an additional notice requirement by holding that the foregoing provisions had to be included on the citation in order to provide Defendant with adequate notice.

While the Government insists that notice by way of posted signs is sufficient under § 1315(c)(1) and § 634.25(f), and that Defendant consequently had the requisite notice, the evidence suggests otherwise. As already discussed in the December 27 Order, the posted signs gave Defendant notice that he

8

was required to comply with *state* law on Aliamanu Military Reservation.  However, other than its bare assertion that the signs satisfy § 1315(c)(1) and § 634.25(f), the Government has not shown that the posted signs provide "notice that, under *federal* law, [Defendant] was subject to criminal penalties for the violation of state traffic laws which are not considered criminal under state law."  [December 27 Order at 5 n.3 (emphasis added).]  The Government is therefore unable to satisfy the very notice requirement it propounds.

Without proper notice by way of a posted sign, Defendant had no way of knowing that the citation he received (making reference only to Hawai'i Revised Statues § 291C-102, a non-criminal state statute) subjected him to federal criminal penalties.  Based on these circumstances, the Court determined that the citation should have also included reference to the U.S. Code or Code of Federal Regulations.  Therefore, the Court did not, as the Government contends, create an additional notice requirement.[3]  It simply adhered to the fundamental tenet that a criminal defendant be provided notice of the charges against him.

---

[3] The Government mistakenly believes that the Court cited cases in the December 27 Order to support the judicial creation of an additional notice requirement.  First, the Court did not create an additional notice requirement.  Second, the Court clarifies that these cases were not cited for such a proposition, but merely as examples in which both a state statute and the applicable federal authority, such as § 634.25(f), were referenced.

In this case, neither the posted signs nor the citation provided Defendant with adequate notice of federal charges, much less any criminal charges.

The Government further argues that the Court's ruling conflicts with Federal Rule of Criminal Procedure 7(c)(3) and Ninth Circuit law.  The Court disagrees.  Rule 7(c)(3) provides that "[u]nless the defendant was misled and thereby prejudiced, . . . a citation's omission is [not] a ground to dismiss the indictment or information or to reverse a conviction."  Fed. R. Crim. P. 7(c)(3).  The Government asserts that this rule, when construed with Rule 58(a)(1), also applies to petty offenses and misdemeanors.  See Fed. R. Crim. P. 58(a)(1) ("These rules apply in petty offense and other misdemeanor cases.").

The Government relies on several cases to support its position that because Defendant was not prejudiced by the omission of federal authority in the citation he received, the Court should not have dismissed the citation.  The Government's reliance on the cases is misplaced.  In United States v. King, for example, the court held that "even if the government did err in drafting the indictment, reversal would still be inappropriate because the 'error' did not mislead King to his prejudice under Rule 7(c)(3)," 200 F.3d 1207, 1217 (9th Cir. 1999).  The court reasoned that the defendant "knew of the conduct of which he was accused, and he could (and did) adequately prepare a defense.

10

Indeed, his preparation would have been the same whether the indictment charged a violation of subsection (a)(1), subsection (a)(2), or, as was the case, simply § 1344." Id. at 1217-18. Similarly, in United States v. Bonallo, the court found no prejudicial error under Rule 7(c)(3) because the indictment set forth the elements of the illegal scheme, thereby noticing defendant of the conduct at issue and enabling him to mount an adequate defense, 858 F.2d 1427, 1431 (9th Cir. 1988).

      The instant case is distinguishable.  Here, the citation, or charging document, noticed Defendant of a civil violation, but not of any criminal charge.  In the absence of notice that he violated a criminal statute, under which he would face federal penalties, Defendant could not have adequately prepared a defense.  This is in complete contrast to King and Bonallo, where any error in the indictment was inconsequential because the indictment already provided notice of criminal charges against the defendants.  Here, the omission in the citation misled Defendant into thinking that he faced only a civil violation and penalties under Hawai'i law.  He was thereby prejudiced because the charges omitted from the citation could have led to his conviction and imprisonment.  Accordingly, the dismissal is not contrary to Rule 7(c)(3), and instead lends further support to this Court's previous holding.

Given its renewed finding that the Government failed to adequately notice Defendant (by posted sign or citation), as well as its finding that its previous holding is not in conflict with Rule 7(c)(3), this Court finds no manifest error of law, and declines to reconsider its December 27 Order as to the notice issue.

## II.  **Use of "local magistrate" in 32 C.F.R. § 634.25(f)**

The second manifest error of law alleged by the Government is this Court's determination that the term "local magistrate" does not refer to a United States magistrate judge, the effect of which deprives the Court of jurisdiction.  The Government criticizes this Court's interpretation of "local magistrate" as "contrary to both common sense and the regulatory purpose of 32 C.F.R. §§ 634.24-634.42."  [Mem. in Supp. of Mot. at 14.]  Moreover, the Government postulates that the Court's interpretation will "have a dire impact on the enforcement of the Hawai['']i traffic laws on military installations in Hawai['']i."  [Id.]

The Government stresses that the intent of Part 634, as set forth in 32 C.F.R. § 634.32, is for United States magistrate judges to preside over all traffic offenses where a DD Form 1805 is issued.  According to the Government, this is true even though the regulation refers to "U.S. Magistrates" and "Federal Magistrates."  The Court already addressed this point in the

12

December 27 Order and it is not persuaded to hold any differently now. Although the Court acknowledged that § 634.25(d) "seems to imply that non-criminal state traffic violations that are made applicable on military installations should be prosecuted before a United States magistrate judge," it found that "§ 634.25(f), which specifically addresses the prosecution of such violations, takes precedence over § 634.32(d), which is a general statute concerning the form used for traffic violations." [December 27 Order at 17-18 n.7 (citing Freeman v. Gonzales, 444 F.3d 1031, 1035 n.8 (9th Cir. 2006)).]

The Government finds the Court's reconciliation of the two sections to be illogical. It argues that the Court must examine the regulation as a whole when interpreting an undefined term and accuses the Court of failing to do so. Even a cursory review of the December 27 Order shows that the Court in fact examined Part 634 as a whole. This careful examination is what led the Court to its conclusion.

Part 634 was substantially revised in 2005. Given the mandate of the Judicial Improvements Act of 1990 that a United States magistrate judge be referred to as a "United States magistrate judge," the Court is of the opinion that had the Department of Defense intended United States magistrate judges to preside over § 634.25(f) proceedings, it could have employed the term "United States magistrate judge" or the incorrect term "U.S.

Magistrate."[4]  Indeed, other sections within Part 634 reference a "U.S. Magistrate."  The Department of Defense's addition of the term "local magistrate" to § 634.25(f) in the 2005 amendment, despite the repeated use of "U.S. Magistrate" elsewhere, indicates a deliberate choice to have a "local magistrate," rather than a United States magistrate judge, preside over § 634.25(f) proceedings.[5]

The Government next concedes that the term "local magistrate" is technically incorrect but nevertheless argues that such an error should have no substantive effect on the regulations.  To support this contention, the Government charges that the Ninth Circuit, in United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (en banc), made similar technical errors when quoting from the Federal Magistrates Act.[6]  It goes on to

---

[4]  Even though "U.S. Magistrate" is incorrect and often grantedly misused, its meaning is, alas, well-understood.

[5]  The Government also emphasized that dire consequences would result from the Court's holding.  The Court recognizes the impact this ruling may have, but finds it necessary to interpret the term "local magistrate" given the effect on this Court's jurisdiction.

[6]  The Government claims that the court mislabeled "United States magistrate judge" as "magistrates."  The Court notes that the quoted language should have stated "magistrate judge" but for whatever reason, the appellate court stated "magistrate," much to the chagrin of United States magistrate judges everywhere.  Throughout the opinion, the court employed the term "magistrate judge."  These uses are of no consequence, however, because it is clear that the court is referring to a United States magistrate judge.

14

attribute the error in the regulations to the workload of the Department of Defense attorneys, typographical error and inadvertence.  The Court finds this argument to be wholly without merit.  The misquotation by the Ninth Circuit of a valid statute is not analogous to the deliberate addition of an undefined term ("local magistrate") in a federal regulation, especially where a commonly understood term ("U.S. Magistrate") is employed elsewhere in the regulation.  Indeed, the Ninth Circuit's omission of the word "judge" after "magistrate" is inapposite from the Department of Defense's decision to join "local" with "magistrate," a pairing not ordinarily used to reference a United States magistrate judge.[7]

     Lastly, the Government postulates that a "local magistrate" is not a "military magistrate."  The Government,

---

[7] The Government points out that no one questions the legal validity and precedential effect of Ninth Circuit cases containing misuses/misquotations and suggest that this Court should therefore not have interpreted the regulations as it did. This argument is illogical.  The fact that a case contains a non-material misquotation does not impact its precedential effect, whereas the use of a term in a federal regulation materially affects the application of the regulation.  This Court cannot assume that the Department of Defense inadvertently added the term "local magistrate" in 2005 without the term bearing some significance.

     Regardless, the Court stresses that it is not the incorrect reference to a United States magistrate judge (i.e. "U.S. Magistrate"; "magistrate"; "magistrate judge") that is of concern, but the use of a term ("local magistrate") that is not understood to mean United States magistrate judge.  This Court has the authority to interpret the regulation as it has, even though the Government might disagree.

apparently misapprehending the Court's ruling, erroneously asserts that the Court cited § 634.38(b)(1)(i) to support its conclusion that the Department of Defense intended that a "local magistrate," versus a United States magistrate judge, preside over § 634.25(f) proceedings.  The Government then discusses at length the "military magistrate's" authority.[8]  In fact, the Court cited § 634.38(b)(1)(i) for the simple point that said section employs the term "military magistrate."  Because the Department of Defense uses the term "U.S. Magistrate" throughout Part 634, its express reference to a "local magistrate," like its reference to a "military magistrate," indicates that it intended someone other than a United States magistrate judge (but not necessarily a "military magistrate") to preside over § 634.25(f) proceedings.  For instance, the term may be referring to a court officer created by state, city or local statute.[9]

Based on the above discussion regarding the interpretation of "local magistrate," the Court finds that the Government has not set forth facts or law of a "strongly

---

[8] The Government relies upon a number of military rules and regulations to support its position that a "military magistrate" is only authorized to conduct "search authorizations" and not authorized to adjudicate traffic violations.  The Court notes that these authorities are neither binding on this Court nor persuasive.

[9] As an example, the City of Pittsburgh has statutorily created "police magistrates" who preside over criminal matters. See 42 Pa. Cons. Stat. § 1143.

16

convincing" nature to induce the Court to reverse its prior decision. It is apparent that the Government disagrees with the Court's analysis, but mere disagreement is not a sufficient basis for reconsideration. Accordingly, the Court determines that it did not commit manifest error of law with respect to the notice issue or in interpreting "local magistrate" to mean something other than United States magistrate judge.

### CONCLUSION

For the foregoing reasons, the Government's Motion to Reconsider the Court's Order of December 27, 2006, filed May 22, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII`I, August 3, 2007.



　　　　　　　　　　　　　　　／S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge




**USA V. JORGE TORRES; CR. NO. 06-00477 SOM-LEK; ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO RECONSIDER THE COURT'S ORDER OF DECEMBER 27, 2006**